* We withdrew this case from submission pending the resolution of en banc proceedings in *United States v. W.R. Grace,* 526 F.3d 499 (9th

U.S. 604, 611, 73 S.Ct. 481, 97 L.Ed. 593 (1953), and there was sufficient evidence to support the jury's verdict.

I dissent from the panel's affirmance of Amin's convictions on Counts Two and Three. Because his marriage was valid, although voidable, under the laws of the Commonwealth of the Northern Mariana Islands, there was not the factual predicate necessary to support convictions for making a false statement and suborning perjury.

**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Pedro Silva CHIPREZ; et al.,**
**Defendants–Appellees.**

No. 07–30110.

United States Court of Appeals,
Ninth Circuit.

Argued Jan. 8, 2008.*

Deferred Submission Jan. 29, 2008.

Resubmitted April 3, 2009.

Filed June 22, 2009.

Cir.2008) (en banc). This case was resubmitted as of April 3, 2009, upon counsel's request.

Esquire, Ochoa Lawrence Law Group, PLLC, Kennewick, WA, William A. Schuler, III, Esquire, General, Wiliam Schuler Law Office, Naches, WA, Ricardo Hernandez, Esquire, Hernandez Law Office, PS, Sunnyside, WA, Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, Gregory Lee Scott, Gregory Scott Law Office, Jerry D. Talbot, Esquire, Talbot Simpson & Davis, PS, Diane E. Hehir, Assistant Federal Public Defender, FDWAID–Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

MEMORANDUM **

Our jurisdiction in this case was challenged because of the bare bones certification under 18 U.S.C. § 3731. We held in *United States v. W.R. Grace*, 526 F.3d 499, 505–06 (9th Cir.2008) (en banc), that a bare bones certification was sufficient. Accordingly, we have jurisdiction.

■ Our review of the district court decision granting the motion to suppress is de novo. *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir.2008). In contrast, our review of the district judge's decision granting the warrant (wiretap order), and finding that the affidavit sufficiently justified the order allowing wiretapping, is deferential, for abuse of discretion. *Id.* We conclude that the judge who issued the wiretap order did not abuse his discretion.

Brian M. Tomney, Esquire, Teresa A. Wallbaum, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Plaintiff–Appellant.

Todd Harms, Esquire, Law Offices, Salvador Mendoza, Jr., Esquire, Mendoza Law Office, PS, Gloria Ochoa Lawrence,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

698

Defendant's motion to suppress the evidence should be denied.

■ When seeking a court-authorized wiretap, the government must provide an application that includes "a full and complete statement as to whether or not other investigative procedures have been tried and have failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). This provision requires a full and complete statement of the facts and a showing that the wiretap is necessary. *See United States v. Canales Gomez,* 358 F.3d 1221, 1224, 1225 (9th Cir.2004).

This case is like *United States v. Canales Gomez,* 358 F.3d 1221 (9th Cir.2004), *United States v. Rivera,* 527 F.3d 891 (9th Cir.2008), and *United States v. McGuire,* 307 F.3d 1192 (9th Cir.2002), and unlike *United States v. Blackmon,* 273 F.3d 1204 (9th Cir.2001), and *United States v. Gonzalez, Inc.,* 412 F.3d 1102 (9th Cir.2005). In *Gonzalez,* there had been little attempt to investigate the office for which the wiretap was sought with traditional techniques, and the government's earlier efforts had focused on a branch office elsewhere. *Id.* at 1106–08. Here, by contrast, there was substantial investigation. In *Blackmon,* the wiretap application contained material omissions and misstatements that, when purged, left the application deficient. 273 F.3d at 1209–10; *see also Canales Gomez,* 358 F.3d at 1225. That is not the case here.

The affidavit in this case, like the one we approved in *McGuire,* 307 F.3d at 1197–99, explained that Silva–Chiprez did business in a location which, because it was rural and on a road with little traffic, would make physical surveillance obvious to the persons being investigated. As in *Rivera,* 527 F.3d at 902, the government had the legitimate objective of prosecuting not only Pedro Silva–Chiprez but also his suppliers, distributors, and other members of the

conspiracy. The government legitimately sought evidence of the conspiratorial activities through the conspirator's speech, which would be more direct and reliable than what confidential informants might say, as we explained in *Canales Gomez,* 358 F.3d at 1226–27; *see McGuire,* 307 F.3d at 1198 (explaining that a wiretap can be necessary to acquire "evidence of guilt beyond a reasonable doubt").

In *Gonzalez,* visual surveillance might have yielded substantially probative evidence of who came and went into the office, and whether those individuals included known coyotes. 412 F.3d at 1114–15. But the affidavit in this case establishes that the government already knew from informants the identities of some, but not all, of those who might come and go from the organization's known places of business. What was needed as evidence were words establishing the criminal activities of the drug conspiracy and identifying additional participants, suppliers and customers, which could not be obtained by visual surveillance. The affidavit established that substantial alternative investigative techniques had already been used for several years, but that physical surveillance "ha[d] been unable to verify relationships between suspects" and "ha[d] been unable to verify methods." Surveillance had also "failed to provide significant information concerning the upper-level and organization cell leaders of the organization."

Moreover, the alleged drug conspiracy "used counter surveillance." Grand jury subpoenas for records had already been obtained. Confidential informants had already been used, but had "only resulted in the arrest of mid-level members." Informants and known associates were deemed to be of limited value as well, because their past self-serving and incomplete responses indicated a likelihood that further responses "would contain a significant

number of untruths, diverting the investigation with false leads or otherwise frustrating the investigation." *See Canales Gomez*, 358 F.3d at 1226–27. Moreover, such interviews would have had "the effect of alerting members of the conspiracy to the existence of this investigation." A pen register, the affidavit explained, would not provide the identities of the parties to the conversation or, standing alone, identify sources and prove a conspiracy. "Due to the relatively rural location of Chiprez's residence, a trash search ha[d] not been attempted during this investigation." A camera on a pole would only have shown who went to Chiprez's residence, not who he talked to on the phone and what they said.

We reject the defendants' characterization of this detailed affidavit as "boilerplate." The district court erred in suppressing the evidence by holding that the government was required to exhaust traditional investigative methods as to all other "known or suspected members" of the conspiracy before seeking a wiretap. *Rivera*, 527 F.3d at 903; *McGuire*, 307 F.3d at 1196–97. The government made a sufficient showing that the traditional investigative techniques it had tried did not accomplish the investigation's goals, and that other techniques had a low probability of success and were likely to expose the investigation. *See Canales Gomez*, 358 F.3d at 1225–26; *see also* 18 U.S.C. § 2518. That was sufficient to meet the requirements for a Title III wiretap.

Because the district judge who issued the search warrant did not abuse his discretion, and the wiretap warrant was properly issued, we do not reach the question of whether *United States v. Leon*, 468 U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), has any application to this case.

**REVERSED and REMANDED.**